653 F.2d 344
 INSURERS' ACTION COUNCIL, INC., a Nebraska corporation;
Woodmen Accident & Life Company, a Nebraska corporation;
Time Insurance Company, a Wisconsin corporation; Mutual of
Omaha Insurance Company, a Nebraska corporation; Business
Men's Assurance Company of America, a Missouri corporation;
The Midwest Life Insurance Company of Lincoln, Nebraska, a
Nebraska corporation; Washington National Insurance Company,
an Illinois corporation; Mutual Protective Insurance
Company, a Nebraska corporation; American Republic Insurance
Company, an Iowa corporation; American Home Assurance
Company, a New York corporation; Illinois Mutual Life and
Casualty Company, an Illinois corporation; Physicians Mutual
Insurance Company, a Nebraska corporation, Appellants,
v.
Michael MARKMAN, Commissioner of Insurance, The Minnesota
Department of Commerce, Insurance Division and the Minnesota
Comprehensive Health Association, and United Cerebral Palsy,
a Minnesota Epilepsy League, Minnesota Association for
Retarded Citizens, Michael L. Berde and Carol T. Berde, Appellees.
 No. 80-1522.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 11, 1981.
Decided July 9, 1981.
 
 Frank Claybourne, Eugene M. Warlich, Doherty, Rumble & Butler, St. Paul, Minn., Robert J. Schmit, Joseph R. Kernan, Jr., McGovern, Opperman & Paquin, Minneapolis, Minn., for appellants; H. Francis DeLone, Dechert, Price & Rhoads, Philadelphia, Pa., of counsel.
 Warren Spannaus, Atty. Gen., Richard B. Allyn, Chief Deputy Atty. Gen., Richard S. Slowes, Sp. Asst. Atty. Gen., Saint Paul, Minn., for State appellees.
 Before ROSS, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants are eleven insurance companies and the Insurers' Action Council, Inc., a non-profit corporation consisting of twenty-four insurance companies. All are licensed to and engage in or have engaged in accident and health insurance business in Minnesota. They brought suit against Michael Markman, the Minnesota Commissioner of Insurance, and others, seeking a declaratory judgment that the Minnesota Comprehensive Insurance Act of 1976, Minn.Stat. §§ 62E.01-.17 (the Act), and the Minnesota Group Conversion Law, Minn.Stat. §§ 62A.16-.17, violated the United States and Minnesota Constitutions.
 
 
 2
 The district court[1] declared the two statutes constitutional and entered judgment for appellees. On appeal, appellants contend that the district court erred in concluding that: (1) the Act's requirement that major medical coverage be offered to all purchasers of insurance did not impair the obligation of contracts; (2) the mandatory offering provisions of the Act did not violate due process by forcing insurers into a new business; and (3) the incidental extraterritorial impact of the Group Conversion Law did not violate due process. The opinion of the district court carefully analyzed each of these contentions. We add only a brief discussion of the first issue.
 
 Section 62E.04(4) of the Act provides:
 
 3
 Each insurer and fraternal shall affirmatively offer coverage of major medical expenses to every applicant who applies to the insurer or fraternal for a new unqualified policy at the time of application and to every holder of an unqualified policy of accident and health insurance renewed by the insurer or fraternal.
 
 
 4
 Appellants contend that this section is unconstitutional as applied to the automatic renewal of non-terminable policies issued prior to the effective date of the Act. The effect of this provision, appellants maintain, is to impose an additional obligation on an existing contract.
 
 
 5
 The district court held that because (1) the insurer is required only to offer the coverage and (2) the insurer may apply its own underwriting standards, charging a premium commensurate with the risk, there was no unconstitutional impairment. We concur in this interpretation.
 
 
 6
 Additionally, even if an insurer surrenders its right to issue new policies in Minnesota because it cannot or will not meet the requirements of the Act, the insurer can continue to renew existing policies without offering the major medical coverage required by the Act. We believe this construction, based on representations by Minnesota Insurance Commission officials, further supports the view that the Act impairs no contractual obligations. Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978).
 
 
 7
 The judgment of the district court is affirmed on the basis of its well-reasoned opinion. See 8th Cir. R. 14.
 
 
 
 [1]
 The Honorable Edward J. Devitt, Chief Judge, United States District Court for the District of Minnesota. The opinion of the district court is reported at 490 F.Supp. 921 (D.Minn.1980)